# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRIN RIFFLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXCELLENT AUTO GLASS, LLC,<br><br>Defendant. | Case No. 3:24-cv-05975<br><br>**COMPLAINT - CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Darrin Riffle, individually and on behalf of others similarly situated, alleges the following against Excellent Auto Glass, LLC ("Excellent Auto" or "Defendant").

## I. NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

COMPLAINT - CLASS ACTION – 1

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the National Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Excellent Auto solicits individuals for auto glass repair.

4. Excellent Auto made calls to residential telephone numbers, like Plaintiff's, that were listed on the National Do Not Call Registry.

5. Plaintiff now files this lawsuit seeking injunctive relief, requiring Excellent Auto to cease placing unsolicited calls to residential numbers on the National Do Not Call Registry, as well as an award of statutory damages and costs to Class members.

COMPLAINT - CLASS ACTION – 2

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

## II.  JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

7. This Court has personal jurisdiction over Excellent Auto because it regularly conducts business in this District, including making telemarketing calls into this District and soliciting business from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district, namely the telemarketing calls to Plaintiff.

## III.  PARTIES

9. Plaintiff is a citizen of Washington, residing in Vancouver, Washington.

10. Defendant Excellent Auto Glass, LLC is a Delaware limited liability company.

## IV.  TCPA BACKGROUND

**A.   The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

11. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of

COMPLAINT - CLASS ACTION – 3

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V. FACTUAL ALLEGATIONS

**A.   Factual Allegations Regarding Excellent Auto**

15.   Excellent Auto solicits individuals for auto glass repair.

16.   To generate business, Excellent Auto relies on telemarketing.

17.   Those telemarketing calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry.

**B.   Factual Allegations Regarding Plaintiff**

18.   Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19.   Plaintiff's cellular telephone number is (602) 881-XXXX.

20.   Plaintiff listed his telephone number on the National Do-Not-Call Registry on May 27, 2015, and has not removed it from the Registry since that time.

21.   Plaintiff uses this telephone number for personal, residential, and household purposes.

22.   Plaintiff's telephone number is not associated with any business.

23.   Plaintiff has never been a customer of Excellent Auto and never consented to receive calls or text messages from Excellent Auto.

24.   Yet, over the last twelve (12) months, Plaintiff has received more than five telephone solicitations and text messages on his cellular telephone, (602) 881-XXXX from Excellent Auto.

25.   These calls and text messages were made to Plaintiff for the purpose of marketing Defendant's auto glass repair and replacement services.

COMPLAINT - CLASS ACTION – 4

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

26. For instance, on October 25, 2024, Plaintiff received a missed call on his cellular telephone, (602) 881-XXXX.

27. This call came from telephone number (480) 339-1031, and the caller I.D. indicated that the telephone call came from Pheonix, Arizona.

28. Plaintiff recognized that area code, 480, as he has previously received several telemarketing calls from Defendant from that same area code and receives no other calls from said area code.

29. On October 25, 2024, at 1:59 p.m., Plaintiff also received a solicitation text message on his cellular telephone, (602) 881-XXXX, from Defendant.

30. That text message came from telephone number (480) 339-5143.

31. That message solicited Defendant's auto glass replacement and repair services and read as follows:

> Hi! This is Alex from the Auto Glass Shop. We noticed your windshield was replaced a few years ago, and you now qualify for a NO-COST replacement through your insurance, plus repairs for any chips or cracks. Act now to take advantage of exclusive cash-back offers up to $375, available only to our valued customers. Don't wait – ensure your safety today! Call or text us at (840) 339-1025 for details. Stay safe on the road! If you wish to discontinue receiving service offers from us, simply reply STOP, and you will no longer receive notifications.

32. October 26, 2024, in an attempt to determine the identity of the caller and make another request to stop receiving solicitations, Plaintiff called the number provided in the text message, (840) 339-1025.

33. Plaintiff was connected to an Excellent Auto employee.

34. Plaintiff asked to speak with a supervisor and was transferred to an individual who introduced herself as Shannon.

35. Plaintiff asked Shannon for the name, address, and phone number of the company.

COMPLAINT - CLASS ACTION – 5

36. Shannon informed Plaintiff that the name of the company was Excellent Auto Glass.

37. Shannon provided Plaintiff with the website https://excellentautoglass.com/.

38. Shannon provided Plaintiff with the address 500 W Broadway Road, Suite 100, Tempe, Arizona 85282, and the phone number (602) 844-4672.

39. This address and telephone number are identical to the address and telephone number on Defendant's Google listing, Facebook, and Yelp pages. *See* https://www.facebook.com/excellentautoglassaz (last visited November 22, 2024); https://www.yelp.com/biz/excellent-auto-glass-tempe-2#reviews (last visited November 22, 2024).

40. Plaintiff informed Shannon that he had received many unwanted telemarketing calls and text messages from Defendant over at least the past 12 months.

41. Plaintiff also informed Shannon that he had asked Defendant's representatives on each occasion to stop contacting him.

42. Shannon confirmed that Plaintiff's cellular telephone number, (602) 881-XXXX, was already Defendant's internal Do-Not-Call list.

43. Shannon assured Plaintiff that he would no longer receive solicitations from Defendant.

44. Despite this, on or about October 28, 2024, at 5:17 a.m., Plaintiff received another solicitation text message from Defendant.

45. That text message came from telephone number (480) 339-1031.

46. That message read as follows:

> Hi, I received a missed call from your number last weekend do you need a repair or replacement to your windshield or car windows? Thanks

47. Plaintiff and other individuals who received these telephone and text message solicitations suffered an invasion of privacy and were harassed by the conduct of Defendant.

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

## VI. CLASS ACTION ALLEGATIONS

48. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

49. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

50. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

51. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

52. Excluded from the Class are counsel, Defendant, and any entities in which Defendant have a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

53. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

54. This Class Action Complaint seeks injunctive relief and money damages.

55. The Class, as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

56. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

COMPLAINT - CLASS ACTION – 7

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

57. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

58. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

59. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

60. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

    a. Whether Defendant made multiple calls to Plaintiff and members of the Class;

    b. Whether Defendant's conduct constitutes a violation of the TCPA; and

    c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

61. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

62. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

63. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

COMPLAINT - CLASS ACTION – 8

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

64. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

65. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act
(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the Class)**

66. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

67. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the Class despite their numbers being on the National Do Not Call Registry.

68. Defendant's violations were negligent, willful, or knowing.

69. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

70. Plaintiff and the members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.  Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.  That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.  Such other relief as the Court deems just and proper.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 26th day of November, 2024.

STRAUSS BORRELLI PLLC

By: */s/ Samuel J. Strauss,* WSBA #46971
Samuel J. Strauss, WSBA #46971
Email:  sam@straussborrelli.com
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile:  (872) 263-1109

*Attorneys for Plaintiff*

COMPLAINT - CLASS ACTION – 10

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com