1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRIN RIFFLE, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br>v.<br><br>EXCELLENT AUTO GLASS, LLC; AUTO GLASS SHOP, LLC; and JEFF SEARLES,<br><br>           Defendants. | **CASE NO. 3:24-cv-05975**<br><br>**DEFENDANT JEFF SEARLES'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**Noting Date: October 31, 2025** |

## I. INTRODUCTION

COMES NOW Defendant Jeff Searles ("Defendant" or "Searles"), by and through his undersigned counsel at Halverson Law, PLLC, and respectfully submits this Reply in support of his Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and, in the alternative and without waiving any jurisdictional defenses, pursuant to Rule 12(b)(6).

Plaintiff Darrin Riffle ("Plaintiff" or "Riffle") has not filed an opposition to Defendant's Motion to Dismiss. Instead, on October 27, 2025—the day opposition was due under Local Civil Rule 7(d)(4)—Plaintiff filed a Motion for Leave to File Second Amended Complaint.[1] Plaintiff's motion admits the very deficiencies Defendant identified in his opening brief: the First Amended Complaint "lacks any factual allegations demonstrating that Searles personally made, authorized,

---

[1] Dkt. 26.

*DEFENDANT JEFF SEARLES'S REPLY IN SUPPORT OF MOTION TO DISMISS*

                    1

**Halverson Law, PLLC**
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

or directed any telemarketing calls to Plaintiff" and "contains no allegations of fraud, misrepresentation, abuse of corporate form, or any other facts that would support piercing the corporate veil or imposing personal liability on Searles."[2]

Rather than defend the adequacy of the First Amended Complaint, Plaintiff seeks to file a new complaint to avoid dismissal. This procedural maneuver confirms what Defendant's Motion demonstrated: the First Amended Complaint is fatally deficient. The Court should grant Defendant's unopposed Motion to Dismiss with prejudice and decline to permit Plaintiff a third attempt to state a claim against Searles.

## II. PLAINTIFF'S FAILURE TO OPPOSE CONFIRMS THE MOTION SHOULD BE GRANTED

Plaintiff had 21 days to oppose this Motion to Dismiss. Plaintiff chose not to do so. Under Local Civil Rule 7(b)(2), when a party fails to file an opposition, "the court may...grant the motion without further notice." While Defendant does not request that the Court grant the motion solely on this basis, Plaintiff's failure to oppose speaks volumes. Plaintiff cannot defend the allegations—or lack thereof—in the First Amended Complaint.

Instead, Plaintiff attempts to evade this Motion by seeking leave to amend. But the proper sequence is for the Court to rule on pending dispositive motions before considering whether to allow amendment. If this Court lacks personal jurisdiction over Searles, amendment would be futile—Plaintiff cannot manufacture jurisdiction through creative pleading. If the Court finds jurisdiction exists but the complaint fails to state a claim, the Court can then determine whether to grant leave to amend or dismiss with prejudice.

Plaintiff's motion for leave to amend should not derail this Court's consideration of Defendant's well-founded Motion to Dismiss. The Court should rule on this unopposed Motion first.

---

[2] Dkt. 26 at 2.

*DEFENDANT JEFF SEARLES'S REPLY IN SUPPORT OF MOTION TO DISMISS*

**Halverson Law, PLLC**
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

1

2

## III. PLAINTIFF'S MOTION FOR LEAVE TO AMEND ADMITS THE COMPLAINT IS DEFICIENT

3    Plaintiff's motion for leave to amend is tantamount to a concession. Plaintiff acknowledges

4    that the First Amended Complaint lacks allegations of personal conduct by Searles, lacks

5    allegations supporting personal liability, and lacks allegations that would justify piercing the

6    corporate veil.[3] These are precisely the deficiencies Defendant's Motion identified.

7    Plaintiff now claims the proposed Second Amended Complaint will "add substantial

8    details explaining how Jeff Searles directly controlled the day-to-day operations" of the corporate

9    defendants.[4] This admission reveals two critical facts. First, Plaintiff acknowledges that such

10   allegations are currently absent from the First Amended Complaint—confirming that dismissal is

11   warranted. Second, Plaintiff's proposed solution demonstrates a fundamental misunderstanding

12   of the law. Conclusory allegations of "control" over corporate operations do not establish personal

13   jurisdiction or personal liability under *Iqbal* and Washington law.

14                          ## IV. AMENDMENT WOULD BE FUTILE

15   Even if Plaintiff were permitted to amend, amendment would be futile for both

16   jurisdictional and substantive reasons.

17   ### A. Amendment Cannot Cure Jurisdictional Defects

18   Personal jurisdiction depends on a defendant's actual contacts with the forum state, not on

19   how artfully a plaintiff pleads the complaint.[5] Plaintiff cannot allege contacts with Washington

20   that do not exist.

21   The First Amended Complaint was filed on September 9, 2025, after more than ten months

22   of litigation and discovery.[6] If Searles had contacts with Washington—if he personally directed

23   telemarketing activities into Washington, personally made calls to Washington numbers, or

24

25   _____

26   [3] Dkt. 26 at 2.
     [4] Dkt. 26 at 2.

27   [5] *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).
     [6] Dkt. 16.

*DEFENDANT JEFF SEARLES'S*                  3              **Halverson Law, PLLC**
*REPLY IN SUPPORT OF MOTION*                                 Attorneys at Law
*TO DISMISS*                                            455 Rainier Ave N, Suite 220
                                                             Issaquah, WA 98027
                                                   Phone: 206-489-2712 Fax 206-826-1788

1  personally traveled to or conducted business in Washington—Plaintiff would have alleged those

2  facts initially. Plaintiff did not because no such facts exist.

3        Plaintiff now suggests that allegations about Searles "directly control[ling] the day-to-day

4  operations" will cure the jurisdictional defect.[7] They will not. Corporate officers routinely control

5  day-to-day operations of their companies. Such control, without more, does not establish personal

6  jurisdiction. Under the fiduciary shield doctrine, "a person's mere association with a corporation

7  that causes injury in the forum state is not sufficient in itself to permit that forum to assert

8  jurisdiction over the person."[8]

9        Courts may exercise personal jurisdiction over corporate officers only where a plaintiff

10  demonstrates that the officer is personally liable for wrongdoing in the forum or the corporation

11  is the alter ego of the individual officer.[9] This requires allegations that the officer "is a primary

12  participant in the alleged wrongdoing or had control of, and direct participation in the alleged

13  activities."[10]

14        The First Amended Complaint contains no such allegations. If Plaintiff possessed facts

15  showing Searles personally participated in making unlawful calls to Washington residents,

16  Plaintiff would have alleged them. The absence of such allegations after ten months of litigation

17  reveals the truth: Searles has no personal contacts with Washington. No amount of additional

18  pleading can create contacts that do not exist.[11]

19        **B. Amendment Cannot Cure Failure to State a Claim**

20        Amendment would also be futile for substantive reasons. Under Washington law,

21  members and managers of LLCs are not personally liable for corporate obligations "solely by

22

23  _____

24

25  [7] Dkt. 26 at 2.
   [8] *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989).

26  [9] *Id.* at 520-21.
   [10] *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009).

27  [11] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

*DEFENDANT JEFF SEARLES'S*                    4
*REPLY IN SUPPORT OF MOTION*
*TO DISMISS*

reason of being or acting as a member or manager."[12] To impose personal liability, Plaintiff must allege either personal participation in wrongful conduct or grounds for piercing the corporate veil.[13]

Plaintiff's motion for leave to amend suggests that allegations of Searles "directly control[ling]" corporate operations will suffice. They will not. Controlling corporate operations is what members and managers do—it is the essence of their role. Washington law explicitly protects such conduct from personal liability.[14]

To plead personal liability, Plaintiff must allege specific facts showing that Searles personally made unlawful calls, personally authorized specific calls to Do Not Call Registry numbers, personally reviewed and disregarded Plaintiff's registry status, or took other actions beyond his protected role as member and manager. Under *Iqbal*, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[15] Allegations that Searles "controlled" corporate operations are precisely such threadbare recitals.

Similarly, to pierce the corporate veil under Washington law, Plaintiff must allege that "(1) the corporate form must be intentionally used to violate or evade a duty; and (2) disregard must be necessary and required to prevent unjustified loss."[16] Veil piercing "typically involves fraud, misrepresentation, or some form of manipulation of the corporation to the stockholder's benefit and creditor's detriment."[17]

Plaintiff's motion makes no reference to fraud, misrepresentation, or abuse of corporate form. If Plaintiff possessed facts supporting veil piercing, those facts would have been alleged in the First Amended Complaint. Their absence reveals that Plaintiff seeks to impose liability on

---

[12] RCW 25.15.126.
[13] *Dickens v. Alliance Analytical Labs., LLC*, 127 Wash. App. 433, 440-41 (2005).
[14] RCW 25.15.126.
[15] 556 U.S. at 678.
[16] *Meisel v. M & N Modern Hydraulic Press Co.*, 97 Wash. 2d 403, 410 (1982).
[17] *Truckweld Equip. Co. v. Olson*, 26 Wash. App. 638, 645 (1980).

**Halverson Law, PLLC**
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

1  Searles solely because of his corporate status—precisely what Washington law prohibits.[18]

2  Most recently, in *Orvold v. Kotelevskiy*, the Washington Court of Appeals affirmed

3  dismissal of alter ego claims where plaintiffs "failed to put forward any facts demonstrating (1)

4  that the corporate form was intentionally used to violate or evade a duty and (2) that the

5  informality with which [the individual] operated the LLC misled or prejudiced them."[19] The court

6  emphasized that plaintiffs "explicitly stated that they 'are not alleging that [the individual]

7  committed fraud' nor that [the individual's] 'contributions of personal funds harmed [the

8  plaintiffs].'"[20]

9  Here, as in *Orvold*, Plaintiff has not alleged—and cannot allege—facts supporting veil

10  piercing. Amendment would be futile.

11  ## V. THE COURT SHOULD RULE ON THIS MOTION BEFORE CONSIDERING

12  ## AMENDMENT

13  The Court should decide this Motion to Dismiss before considering Plaintiff's request for

14  leave to amend. This approach serves judicial economy and follows established procedure.

15  First, where personal jurisdiction is at issue, the Court must resolve that threshold question

16  before proceeding to other matters. "Without jurisdiction the court cannot proceed at all in any

17  cause."[21] Personal jurisdiction is a prerequisite to the Court's authority to act. Subject-matter and

18  personal jurisdiction "serve different purposes."[22] "Personal jurisdiction ... represents a restriction

19  on judicial power ... as a matter of individual liberty" and "flows ... from the Due Process

20  Clause."[23] The fiduciary shield doctrine and Washington's long-arm statute present a question of

21  personal jurisdiction: whether Searles has minimum contacts with Washington sufficient to

22

23

24  [18] RCW 25.15.126.

25  [19] *Orvold v. Kotelevskiy*, 30 Wash. App. 2d 1008 (2024)
   [20] *Id.*

26  [21] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (quoting *Ex parte McCardle*, 74
   U.S. (7 Wall.) 506, 514 (1868)).

27  [22] *Id.* at 584.
   [23] *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

*DEFENDANT JEFF SEARLES'S*                                6
*REPLY IN SUPPORT OF MOTION*
*TO DISMISS*

permit this Court to exercise jurisdiction over him. That question must be answered first.

Second, if the Court finds it has personal jurisdiction but the complaint fails to state a claim, the Court can then determine whether to grant leave to amend or dismiss with prejudice. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," but this mandate does not require granting leave where there are justifying reasons for denial, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[24] At this juncture, the Court will have the benefit of full briefing on whether amendment would be futile—briefing that is currently absent because Plaintiff filed a motion to amend rather than opposing this Motion.

Third, allowing Plaintiff to amend now would reward procedural gamesmanship. Plaintiff waited until opposition was due, declined to defend the adequacy of the First Amended Complaint, and instead filed a motion seeking yet another opportunity to replead. This is Plaintiff's second amended complaint. If granted leave to amend again, it would be Plaintiff's third complaint.

The proper course is for the Court to rule on this unopposed Motion to Dismiss. If the Court grants the Motion for lack of personal jurisdiction, amendment would be futile because Searles has no contacts with Washington—and no amount of pleading can create personal jurisdiction where the defendant has no minimum contacts with the forum state.[25] If the Court denies the Motion on jurisdictional grounds but finds the complaint fails to state a claim, the Court can then determine whether to grant leave to amend based on the futility of amendment and Plaintiff's pattern of inadequate pleading.

## VI. THIS IS PLAINTIFF'S SECOND AMENDED COMPLAINT

This Court should also consider that Plaintiff has already amended once. The original

---

[24] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[25] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

*DEFENDANT JEFF SEARLES'S*
*REPLY IN SUPPORT OF MOTION*
*TO DISMISS*

7

**Halverson Law, PLLC**
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

1  Complaint, filed November 26, 2024, named only Excellent Auto Glass, LLC as a defendant.[26]

2  Plaintiff filed the First Amended Complaint on September 9, 2025—more than nine months

3  later—adding Auto Glass Shop, LLC and Jeff Searles as defendants.[27]

4      Plaintiff had nine months to conduct discovery and investigate the claims before adding

5  Searles. Plaintiff had the opportunity to conduct depositions, review documents, and gather facts.

6  Yet the First Amended Complaint contains only bare allegations of Searles' corporate status.

7      Now, less than two months after filing the First Amended Complaint, Plaintiff seeks leave

8  to file a Second Amended Complaint. Plaintiff's motion does not explain what new facts were

9  discovered between September 9 and October 27 that necessitate amendment. The more likely

10  explanation is that Plaintiff failed to adequately investigate before adding Searles as a defendant

11  and now seeks a do-over.

12      This pattern of inadequate pleading followed by requests to amend should not continue

13  indefinitely. Plaintiff should be required to either defend the First Amended Complaint or face

14  dismissal.

## VII. CONCLUSION

15  

16      Plaintiff has not opposed this Motion to Dismiss. Instead, Plaintiff seeks to avoid dismissal

17  by filing a motion for leave to amend that admits the very deficiencies Defendant identified. The

18  Court should grant this unopposed Motion to Dismiss.

19      If the Court is inclined to permit amendment, it should first rule on this Motion. If

20  dismissed for lack of personal jurisdiction, amendment would be futile because Searles has no

21  contacts with Washington. If dismissed for failure to state a claim, the Court can then determine

22  whether to grant leave to amend or dismiss with prejudice based on the futility of amendment and

23  Plaintiff's pattern of inadequate pleading.

24      For the foregoing reasons, and for the reasons stated in Defendant's opening brief, the

25  

26  

27  [26] Dkt. 1.
[27] Dkt. 16.

*DEFENDANT JEFF SEARLES'S*                    8                    **Halverson Law, PLLC**
*REPLY IN SUPPORT OF MOTION*                                    Attorneys at Law
*TO DISMISS*                                                455 Rainier Ave N, Suite 220
                                                            Issaquah, WA 98027
                                            Phone: 206-489-2712 Fax 206-826-1788

1  Court should grant Defendant's Motion to Dismiss with prejudice and decline to permit further

2  amendment.

3

4          DATED this October 29, 2025.

5

6                                  Respectfully submitted,

7                                  **HALVERSON LAW, PLLC**

8                                  By_____

9                                     [X] Erik L. Halverson, WSBA #48511
                                       [ ] Andrew Ried-Munro, WSBA #63662
10                                    **Attorneys for Defendant Jeff Searles**
                                      455 Rainier Blvd N, Suite 220
11                                    Issaquah, WA 98027
                                      Phone: 206-489-2712 | Fax: 206-826-1788
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27