UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRIN RIFFLE, on behalf of himself and all others similarly situated,<br><br>　　　Plaintiff,<br>v.<br><br>EXCELLENT AUTO GLASS, LLC; AUTO GLASS SHOP, LLC; and JEFF SEARLES,<br><br>　　　Defendants. | CASE NO. 3:24-cv-05975<br><br>**DEFENDANT JEFF SEARLES' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Noting Date: November 17, 2025 |

## I. INTRODUCTION

COMES NOW Defendant Jeff Searles ("Defendant" or "Searles"), by and through his undersigned counsel at Halverson Law, PLLC, and respectfully submits this Response to Plaintiff's Motion for Leave to File Second Amended Class Action Complaint. The Court should deny the Plaintiff's motion because Plaintiff did not fix the jurisdictional and pleading deficiencies in the First Amended Complaint in his Second Amended Complaint and, thus, amendment would be futile.

## I. AMENDMENT WOULD BE FUTILE

Leave to amend should be denied where amendment would be futile, where there has

*DEFENDANT JEFF SEARLES' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT* — 1

Halverson Law, PLLC
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

been undue delay, or where the moving party has demonstrated bad faith or dilatory motive.[1] Even if Plaintiff were permitted to amend, amendment would be futile for both jurisdictional and substantive reasons. Dismissal without leave to amend is proper where "it is clear, upon de novo review, that the complaint could not be saved by any amendment."[2]

**A. Amendment Cannot Cure Jurisdictional Defects**

Personal jurisdiction depends on a defendant's actual contacts with the forum state, not on how artfully a plaintiff pleads the complaint.[3] Plaintiff cannot allege contacts with Washington that do not exist.

The First Amended Complaint was filed on September 9, 2025, after more than ten months of litigation and discovery.[4] If Searles had contacts with Washington—if he personally directed telemarketing activities into Washington, personally made calls to Washington numbers, or personally traveled to or conducted business in Washington—Plaintiff would have alleged those facts initially. Plaintiff did not because no such facts exist.

Plaintiff now suggests that allegations about Searles "directly control[ling] the day-to-day operations," the only new allegations in the Second Amended Complaint, will cure the jurisdictional defect.[5] They will not. Corporate officers routinely control day-to-day operations of their companies. Such control, without more, does not establish personal jurisdiction. Under the fiduciary shield doctrine, "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person."[6]

Courts may exercise personal jurisdiction over corporate officers only where a plaintiff demonstrates that the officer is personally liable for wrongdoing in the forum or the corporation

---

[1] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[2] *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).
[3] *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).
[4] Dkt. 16.
[5] Dkt. 26 at 2.
[6] *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989).

DEFENDANT JEFF SEARLES' RESPONSE
TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED CLASS ACTION
COMPLAINT

2

Halverson Law, PLLC
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

is the alter ego of the individual officer.[7] This requires allegations that the officer "is a primary participant in the alleged wrongdoing or had control of, and direct participation in the alleged activities."[8]

The Second Amended Complaint contains no such allegations. In fact, while Plaintiff alleges in the Second Amended Complaint that "This Court has personal jurisdiction over Excellent Auto and Auto Glass…",[9] Plaintiff does not allege anywhere in the Second Amended Complaint that this Court has personal jurisdiction over Searles. If Plaintiff possessed facts showing Searles personally participated in making unlawful calls to Washington residents, Plaintiff would have alleged them. The absence of such allegations after ten months of litigation reveals the truth: Searles has no personal contacts with Washington. No amount of additional pleading can create contacts that do not exist.[10]

**B. Amendment Cannot Cure Failure to State a Claim**

Amendment would also be futile for substantive reasons. Under Washington law, members and managers of LLCs are not personally liable for corporate obligations "solely by reason of being or acting as a member or manager."[11] To impose personal liability, Plaintiff must allege either personal participation in wrongful conduct or grounds for piercing the corporate veil.[12]

Plaintiff's motion for leave to amend suggests that allegations of Searles "directly control[ling]" corporate operations will suffice. They will not. Controlling corporate operations is what members and managers do—it is the essence of their role. Washington law explicitly protects such conduct from personal liability.[13]

---

[7] *Id.* at 520-21.
[8] *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009).
[9] Dkt. 26-1 at 3.
[10] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).
[11] RCW 25.15.126.
[12] *Dickens v. Alliance Analytical Labs., LLC*, 127 Wash. App. 433, 440-41 (2005).
[13] RCW 25.15.126.

DEFENDANT JEFF SEARLES' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT

3

Halverson Law, PLLC
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

To plead personal liability, Plaintiff must allege specific facts showing that Searles personally made unlawful calls, personally authorized specific calls to Do Not Call Registry numbers, personally reviewed and disregarded Plaintiff's registry status, or took other actions beyond his protected role as member and manager. Under *Iqbal*, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[14] Allegations that Searles "controlled" corporate operations are precisely such threadbare recitals.

Similarly, to pierce the corporate veil under Washington law, Plaintiff must allege that "(1) the corporate form must be intentionally used to violate or evade a duty; and (2) disregard must be necessary and required to prevent unjustified loss."[15] Veil piercing "typically involves fraud, misrepresentation, or some form of manipulation of the corporation to the stockholder's benefit and creditor's detriment."[16]

Plaintiff's motion makes no reference to fraud, misrepresentation, or abuse of corporate form. If Plaintiff possessed facts supporting veil piercing, those facts would have been alleged in the First Amended Complaint. Their absence reveals that Plaintiff seeks to impose liability on Searles solely because of his corporate status—precisely what Washington law prohibits.[17]

Most recently, in *Orvold v. Kotelevskiy*, the Washington Court of Appeals affirmed dismissal of alter ego claims where plaintiffs "failed to put forward any facts demonstrating (1) that the corporate form was intentionally used to violate or evade a duty and (2) that the informality with which [the individual] operated the LLC misled or prejudiced them."[18] The court emphasized that plaintiffs "explicitly stated that they 'are not alleging that [the individual] committed fraud' nor that [the individual's] 'contributions of personal funds harmed [the plaintiffs].'"[19]

---

[14] *Ashcroft v. Iqbal,* 556 U.S. at 678.
[15] *Meisel v. M & N Modern Hydraulic Press Co.*, 97 Wash. 2d 403, 410 (1982).
[16] *Truckweld Equip. Co. v. Olson*, 26 Wash. App. 638, 645 (1980).
[17] RCW 25.15.126.
[18] *Orvold v. Kotelevskiy*, 30 Wash. App. 2d 1008 (2024)
[19] *Id.*

DEFENDANT JEFF SEARLES' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT

4

Halverson Law, PLLC
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

1   Here, as in *Orvold*, Plaintiff has not alleged—and cannot allege—facts supporting veil
2   piercing. Amendment would be futile.

## II. THIS IS PLAINTIFF'S SECOND AMENDED COMPLAINT

This Court should also consider that Plaintiff has already amended once. The original Complaint, filed November 26, 2024, named only Excellent Auto Glass, LLC as a defendant.[20] Plaintiff filed the First Amended Complaint on September 9, 2025—more than nine months later—adding Auto Glass Shop, LLC and Jeff Searles as defendants.[21]

Plaintiff had nine months to conduct discovery and investigate the claims before adding Searles. Plaintiff had the opportunity to conduct depositions, review documents, and gather facts. Yet the First Amended Complaint contains only bare allegations of Searles' corporate status.

Now, less than two months after filing the First Amended Complaint, Plaintiff seeks leave to file a Second Amended Complaint. Plaintiff's motion does not explain what new facts were discovered between September 9 and October 27 that necessitate amendment. The more likely explanation is that Plaintiff failed to adequately investigate before adding Searles as a defendant and now seeks a do-over.

This pattern of inadequate pleading followed by requests to amend should not continue indefinitely. This pattern of inadequate pleading followed by requests to amend should not continue indefinitely. Foman permits denial of leave to amend based on "repeated failure to cure deficiencies by amendments previously allowed."[22] Plaintiff should be required to either defend the First Amended Complaint or face dismissal..

## III. CONCLUSION

Searles respectfully requests that the Court deny Plaintiff's motion, because Plaintiff has not alleged any new allegations in the Second Amended Complaint that would allow this Court to exercise jurisdiction over Searles and because Plaintiff has failed to state a claim upon which relief

---

[20] Dkt. 1.
[21] Dkt. 16.
[22] 371 U.S. at 182.

*DEFENDANT JEFF SEARLES' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT*

5

Halverson Law, PLLC
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

1  may be granted in the Second Amended Complaint against Searles.

3  DATED this November 10, 2025.

Respectfully submitted,

**HALVERSON LAW, PLLC**

By _____
[X] Erik L. Halverson, WSBA #48511
[ ] Andrew Ried-Munro, WSBA #63662
**Attorneys for Defendant Jeff Searles**
455 Rainier Blvd N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 | Fax: 206-826-1788

*DEFENDANT JEFF SEARLES' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT*   6

Halverson Law, PLLC
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788