UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARRIN RIFFLE, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

EXCELLENT AUTO GLASS, LLC; AUTO GLASS SHOP, LLC; and JEFF SEARLES.

Defendants.

Case No. 3:24-cv-05975-TMC

Honorable District Judge Tiffany M. Cartwright

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## I.   INTRODUCTION

Plaintiff's proposed Second Amended Complaint ("SAC"), filed just 21 days after Defendant Jeff Searles filed his motion to dismiss, contains new jurisdictional and substantive facts establishing both personal jurisdiction over Mr. Searles and his direct personal involvement in the unlawful telemarketing conduct.

## II.   ARGUMENT

Mr. Searles bears the burden of demonstrating futility, undue delay, or bad faith. The SAC directly addresses the deficiencies identified in Mr. Searles' motion to dismiss and adds

REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT – 1

substantial details explaining how Mr. Searles directly controlled the day-to-day operations of Defendants Excellent Auto Glass, LLC, and Auto Glass Shop, LLC, and thus established sufficient contacts for personal jurisdiction in Washington.

*First*, amendment is not futile. "Futility" applies only when it appears "**beyond doubt** that the proposed pleading would be subject to dismissal." *Wizards of the Coast LLC v. Cryptozoic Ent't LLC*, 309 F.R.D. 645, 654 (W.D. Wash. 2015) (quoting *Mahone v. Pierce Cty.*, No. C10-5847 RBL/KLS, 2011 U.S. Dist. LEXIS 56115, at *5) (W.D. Wash. May 23, 2011) (emphasis added). Defendant contends that amendment would be futile because Washington law shields the members and managers of LLC from personal liability absent veil-piercing facts, or "specific facts showing that Searles…personally authorized specific calls to Do Not Call Registry numbers, personally reviewed and disregarded Plaintiff's registry status" and that "no amount of additional pleading can create contacts that do not exist" (Opp. pp. 3-4) but those assertions ignore the new, specific factual allegations set forth in the proposed SAC.

Plaintiff alleges that Mr. Searles was not a passive member of the glass company defendants, but rather directly controlled their telemarketing operations—including approving call lists and authorizing outbound campaigns targeting Washington consumers, including calls to Plaintiff. SAC, ¶¶ 27-31. The SAC also incorporates, as Exhibit A, Mr. Searles's own sworn declaration from a related RICO action, in which he attested that the various glass companies he owns and operates routinely place telemarketing "calls" and that "I have reviewed the call logs[.]" SAC, Exhibit A; *see also* SAC, ¶¶ 27-31. Because the declaration is part of the SAC, Plaintiff is not relying on facts outside the pleadings. From these sworn admissions and the allegations regarding Mr. Searles's direct supervisory control, the factfinder may reasonably infer that he personally reviewed call lists containing Plaintiff's information, personally

REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT – 2

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

disregarded Plaintiff's Do Not Call Registry status, and personally authorized or oversaw the unlawful telemarketing conduct that injured him. These allegations easily satisfy Rule 8 and *Iqbal's* plausibility standard.

Defendant's invocation of the fiduciary shield doctrine at this early stage, before Plaintiff has had a chance to take Mr. Searles' deposition or obtain discovery from Mr. Searles, is misplaced. The Supreme Court and the Ninth Circuit have recognized the "a state-created corporate form" does not automatically "create a due process limit on jurisdiction." *Davis v. Metro Productions, Inc.,* 885 F.2d 515, 521 (9th Cir. 1989) (citing *Calder v. Jones,* 465 U.S. 783 (1984) and *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984)). Courts in this Circuit have consistently held that the doctrine does not protect corporate officers who personally direct or participate in tortious conduct aimed at the forum state. *See Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009) (personal jurisdiction proper where officers directly controlled and participated in the wrongful conduct). The proposed SAC alleges precisely that type of direct participation. And Plaintiff does not rely solely on veil-piercing theories. To the extent the proposed SAC references Mr. Searles's control over the glass company defendants, it does so to establish his direct involvement in and supervision of the offending conduct—not merely to impute liability. Defendant's reliance on the unpublished opinion *Orvold v. Kotelevskiy*, 30 Wash. App. 2d 1008 (2024), is therefore misplaced. Unlike the plaintiffs in *Orvold*, who did not allege any veil-piercing facts, Plaintiff here alleges specific, intentional conduct by Mr. Searles that gave rise to the unlawful calls. Accordingly, amendment is not futile on jurisdictional grounds.

**Second,** there has been no undue delay or bad faith. Rather, the procedural history demonstrates that Plaintiff acted diligently and any delay was caused by Defendants' repeated

REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT – 3

refusal to participate. As detailed in the SAC, Mr. Searles and the various glass companies he manages, including Excellent Auto and Auto Glass, have engaged in and continue to engage in a deceptive pattern of conduct designed to evade this litigation. SAC, ¶ 36. Brad Denton of Denton Peterson Dunn, the registered agent of both glass shop Defendants, initially claimed he represented Excellent Auto Glass, but then never entered an appearance on its behalf. SAC, ¶¶ 17-20, 37-38. After Plaintiff's motion to commence discovery prior to the Rule 26(f) conference was granted, Plaintiff issued multiple subpoenas, including one to Denton Peterson Dunn, which was quashed once Excellent Auto Glass provided an affidavit asserting an attorney-client relationship with the firm. *Id.* at ¶¶ 39-41. When Plaintiff subpoenaed Mr. Searles and Auto Glass for deposition, Denton Peterson Dunn accepted service and confirmed it represented Mr. Searles and Auto Glass for the purposes of responding to the subpoenas. *Id.* at ¶¶ 42-43. Following a meet and confer, and at Denton Peterson Dunn's request, Plaintiff amended the subpoena to Auto Glass only for Denton Peterson Dunn to later claim that Auto Glass Shop was "out of business" and had "no representative to appear," and that Mr. Searles had not been personally served and therefore would not appear for deposition, despite the fact Denton Peterson Dunn accepted service of the subpoenas. *Id.* at ¶¶ 44-47. After all this, Plaintiff amended the complaint to add Mr. Searles and Auto Glass Shop as defendants. Yet, consistent with the earlier conduct, Auto Glass Shop—like Excellent Auto Glass—failed to appear. As a result, Mr. Searles is using the corporate form to evade this lawsuit, and remains the only defendant who has not been defaulted. This record makes clear that any delay in amending the Complaint the first time was the direct result of Defendants' evasive conduct and not Plaintiff's lack of diligence, and the proposed SAC comes in response to Mr. Searles' motion to dismiss, consistent with standard

REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT – 4

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

practice. Denying leave to amend would reward Mr. Searles' obstruction and allow him to use procedural tactics to avoid accountability.

***Third,*** Rule 15(a)(2) provides that leave to amend "shall be freely given when justice so requires," and this "policy is to be applied with extreme liberality." *Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024) (quoting *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014)). The Ninth Circuit has long recognized that cases should be decided "on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Here, granting leave to amend will ensure that the pleadings address the factual issues necessary for resolution of Mr. Searles' jurisdictional and substantive defenses.

### III.   CONCLUSION

Plaintiff's request to filed a Second Amended Complaint is made in good faith and directly addresses the arguments raised by newly added Defendant Jeff Searles. For these reasons, Plaintiff respectfully requests that the Court grant leave to file the Second Amended Class Action Complaint.

RESPECTFULLY SUBMITTED AND DATED this 17th day of November, 2025.

By: */s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA #46971
**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile:  (872) 263-1109
sam@straussborrelli.com

*Attorneys for Plaintiff*

REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT – 5

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

## CERTIFICATE OF SERVICE

I, Samuel J. Strauss, hereby certify that on November 17, 2025, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 17th day of November, 2025.

Respectfully submitted,

By: */s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA #46971
**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT – 6

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com