**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| DARRIN RIFFLE, on behalf of himself and all others similarly situated, | Case No. 3:24-cv-05975-TMC |
| Plaintiff, | SECOND AMENDED COMPLAINT - CLASS ACTION |
| vs. | DEMAND FOR JURY TRIAL |
| EXCELLENT AUTO GLASS, LLC; AUTO GLASS SHOP, LLC; and JEFF SEARLES. | |
| Defendants. | |

Darrin Riffle, individually and on behalf of others similarly situated, alleges the following against Excellent Auto Glass, LLC ("Excellent Auto") and Auto Glass Shop, LLC ("Auto Glass") (collectively, "Defendants").

## I.  NATURE OF ACTION

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.    "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the National Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.    Defendants solicit individuals for auto glass repair.

4.    Defendants made calls to residential telephone numbers, like Plaintiff's, that were listed on the National Do Not Call Registry.

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

5.      Plaintiff now files this lawsuit seeking injunctive relief, requiring Excellent Auto and Auto Glass to cease placing unsolicited calls to residential numbers on the National Do Not Call Registry, as well as an award of statutory damages and costs to Class members.

## II.  JURISDICTION AND VENUE

6.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

7.      This Court has personal jurisdiction over Excellent Auto and Auto Glass because they regularly conduct business in this District, including making telemarketing calls into this District and soliciting business from this District.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district, namely the telemarketing calls to Plaintiff.

## III.  PARTIES

9.      Plaintiff is a citizen of Washington, residing in Vancouver, Washington.

10.     Defendant Excellent Auto Glass, LLC is a Delaware limited liability company.

11.     Defendant Auto Glass Shop, LLC is an Arizona limited liability company.

12.     Defendant Jeff Searles is the sole member and manager of Excellent Auto Glass, LLC, as well as a manager of Auto Glass Shop, LLC. Upon information and belief, Defendant Jeff Searles resides in Arizona.

SECOND AMENDED COMPLAINT - CLASS ACTION – 3

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

# IV.  TCPA BACKGROUND

**A.      The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

13.      The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

14.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15.      A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16.      The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

# V.  FACTUAL ALLEGATIONS

**A.      Factual Allegations Regarding Defendants**

17.      Defendant Excellent Auto Glass, LLC's agent is Brad Denton at 1930 N. Arboleda Suite 200, Mesa, AZ 85213, and its sole member and manager is Defendant Jeff Searles at 611 S Vista Rd., Apache Junction, AZ, 85119. Its address is 500 W Broadway Rd, Tempe, AZ 85282.

18.      According to the Arizona Corporation Commission, Excellent Auto Glass, LLC is an active entity and in good standing.

SECOND AMENDED COMPLAINT - CLASS
ACTION – 4

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

19.     Defendant Auto Glass Shop, LLC's agent is Brad Denton at 1930 N. Arboleda Suite 201, Mesa, AZ 85213, and its management includes Defendant Jeff Searles (manager) at 611 S Vista Rd., Apache Junction, AZ, 85119; Mark Feuer (manager) at 1 Beechwood Dr., Lawrence, NY, 11559; Scott Taylor (manager) at 20 E Sunrise Highway, Valley Stream, NY, 11581; and Auto Glass Holdings, LLC (member) at 2146 W Sherman Street, Phoenix, AZ, 85009. According to its online profile, its address is 500 W Broadway Rd, Tempe, AZ 85282, but according to the Arizona Secretary of State, its address is 2146 W Sherman Street, Phoenix, AZ, 85009.

20.     According to the Arizona Corporation Commission, Auto Glass Shop, LLC is an active entity and in good standing.

21.     Auto Glass Holdings, LLC (the sole member of Auto Glass Shop, LLC) is an Arizona limited liability company. Its management includes Defendant Jeff Searles (manager) at 611 S Vista Rd., Apache Junction, AZ, 85119; Mark Feuer (manager) at 1 Beechwood Dr., Lawrence, NY, 11559; Scott Taylor (manager) at 20 E Sunrise Highway, Valley Stream, NY, 11581; and Beechwood Capital Group, LLC (member) at 1 Beechwood Dr., Lawrence, NY, 11559. According to its online profile, its address is 500 W Broadway Rd, Tempe, AZ 85282, but according to the Arizona Secretary of State, its address is 2146 W Sherman Street, Phoenix, AZ, 85009.

22.     According to the Arizona Corporation Commission, Auto Glass Holdings, LLC is an active entity and in good standing.

23.     Auto Glass Shop, LLC also goes by the name DNS Auto Glass, LLC, which is an Arizona limited liability company. DNS Auto Glass Shop, LLC's agent is Brad Denton at 1930 N. Arboleda Suite 200, Mesa, AZ 85213, and its management includes Defendant Jeff Searles

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

1  (manager) at 611 S Vista Rd., Apache Junction, AZ, 85119; Mark Feuer (manager) at 1

2  Beechwood Dr., Lawrence, NY, 11559; Scott Taylor (manager) at 20 E Sunrise Highway, Valley

3  Stream, NY, 11581; and Miriam Feuer (member) at 1 Beechwood Dr., Lawrence, NY, 11559.

4  According to its online profile, its address is 3230 E Broadway Rd Ste C130,

5  Phoenix, AZ 85040, but according to the Arizona Secretary of State, its address is 2146 W

6  Sherman Street, Phoenix, AZ, 85009.

7      24.    According to the Arizona Corporation Commission, DNS Auto Glass, LLC is an

8  active entity and in good standing.

9      25.    DNS Auto Glass Shop, LLC also goes by the name Glass Replacements, LLC,

10  which is a Florida limited liability company. Glass Replacements, LLC's agent is Denton

11  Peterson Dunn, PLLC at 1930 N. Arboleda Suite 200, Mesa, AZ 85213, and its sole member and

12  manager is DNS Auto Glass Shop LLC, at 2146 W Sherman Street, Phoenix, AZ, 85009. Its

13  address is 555 Winderley Place, Suite 300, Maitland, FL, 32751.

14      26.    According to the Arizona Corporation Commission, Glass Replacements, LLC is

15  an active entity and in good standing.

16      27.    The aforementioned entities, as well as Defendant Jeff Searles, Mark Feuer, Scott

17  Taylor, and other limited liability companies managed by the same individuals, were recently

18  sued by Farmers Insurance Company of Arizona and eleven other insurance companies under

19  the Racketeer Influenced and Corrupt Organizations ("RICO") Act for thousands of inflated and

20  fraudulent claims submitted by defendants, resulting in Farmers overpaying claims by at least

21  $1,705,893.74. *Farmers Ins. Co. of Ariz. v. DNS Auto Glass Shop LLC*, Case No. 2:21cv01390-

22  PHX-DGC (D. Ariz.) (filed August 11, 2021).

23

24

25

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

a. The defendants allegedly used false phone numbers during phone calls and on invoices to charge inflated billing rates. *See* Dkt. 1, ¶¶ 28–46.

b. Thereafter, the defendants—including Excellent Auto, Auto Glass, and Jeff Searles—moved to dismiss the RICO case and argued that plaintiffs failed to plead an alter-ego claim. *See* Dkt. Nos. 23, 24.

c. The court denied the motion to dismiss because of the "reasonable inferences, including that the Business Entity Defendants were created, organized, and operated to obfuscate their interrelatedness and misconduct, that Defendants acted as an integrated system to perpetrate fraud, that corporate formalities were not observed, that the absence of legitimate cash flow rendered the Business Entity Defendants undercapitalized, and that observing the corporate form would promote injustice." *See* Dkt. No. 50.

d. Jeff Searles submitted a signed declaration attesting that "I manage the day-to-day affairs of the Defendant Glass Companies" and "Defendant GCs consist of several auto glass companies that perform glass repair services in Arizona, Florida, and South Carolina" and that the "services performed by Defendant GCs include, among other things: marketing and selling the glass services[.]" *See* Dkt. No. 161-1, at 13, also attached as Exhibit A.

e. The declaration of Jeff Searles also attested that the Defendant Glass Companies routinely place "calls" and that "I have reviewed the call logs[.]" *Id*.

SECOND AMENDED COMPLAINT - CLASS
ACTION – 7

f.      Separately, a deposition transcript revealed that "Jeff Searles [] testified a number of the entities were shut down or operated under a different business name because they were getting bad reviews[.]" *See* Dkt. No. 159-4, at 136.

28.     Defendant Excellent Auto Glass, LLC and Defendant Auto Glass Shop, LLC are both owned and managed by Defendant Jeff Searles.

29.     Jeff Searles controls Excellent Auto and Auto Glass's day-to-day operations.

30.     Upon information and belief, Jeff Searles exercises direct, personal involvement in and ultimate control over the calls the Excellent Auto and Auto Glass placed to consumers.

31.     Upon information and belief, Jeff Searles regularly reviews the calls logs of Excellent Auto and Auto Glass. As such, he personally disregarded the Do Not Call Registry status of each individual Excellent Auto and/or Auto Glass called, including Plaintiff.

32.     Defendants solicit individuals for auto glass repair.

33.     To generate business, Defendants rely on telemarketing.

34.     Those telemarketing calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry

35.     Excellent Auto and Auto Glass have not appeared to defend this Action.

36.     Upon information and belief, Jeff Searles and the various Glass Companies he manages, including Excellent Auto and Auto Glass, have previously engaged in and are currently engaging in a deceptive and manipulative scheme to avoid responding to this lawsuit.

SECOND AMENDED COMPLAINT - CLASS
ACTION – 8

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

**B.    Procedural History**

37.    This action was originally filed on March 25, 2025 against Excellent Auto only. Dkt. No. 1. Given the facts Plaintiff learned through discovery, the Complaint was amended to include Auto Glass and Jeff Searles as Defendants on September 9, 2025. Dkt. No. 16.

38.    Denton Peterson Dunn claimed it represented Excellent Auto on December 2, 2024. Dkt. No. 10-1, at 6. However, Excellent Auto did not appear. The clerk entered default against Excellent Auto on January 31, 2025. Dkt. No. 8.

39.    Plaintiff filed a motion to commence discovery prior to the Rule 26(f) conference, which was granted on April 4, 2025. Dkt Nos. 10, 12. Accordingly, in April 2025, Plaintiff served subpoenas on GoTo Communication, Inc., and Bandwidth.com CLEC LLC, to determine the subscriber information for the phone numbers that solicited Plaintiff. Through these efforts, Plaintiff learned that the texts were sent from a related entity to Excellent Auto Glass, Auto Glass Shop. The owner of Auto Glass Shop from October 2000 to July 2025 was Jeff Searles and its agent is Brad Denton of Denton Peterson Dunn, PLLC.  Dkt No. 14, at 2.

40.    On April 22, 2025, Plaintiff served a subpoena on Denton Peterson Dunn, PLLC, located at 1930 N. Arboleda, Suite 200, Mesa, Arizona 85212. *Id.* Denton Peterson Dunn filed a motion to quash in the District of Arizona, Case No. 2:25-mc-00017-KML, which Plaintiff opposed. *Id.* On May 28, 2025, the District of Arizona granted the motion to quash in part, ordering Excellent Auto Glass to provide an affidavit to Plaintiff stating that it has an attorney-client relationship with Denton Peterson Dunn. Denton Peterson Dunn served Plaintiff with the affidavit on June 25, 2025.

41.    In the affidavit, Jeff Searles claimed that Denton Peterson Dunn *did not* represent Excellent Auto in this action, despite its representations to the contrary in it December 2, 2024

SECOND AMENDED COMPLAINT - CLASS
ACTION – 9

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

email to Plaintiff's counsel. <u>Exhibit B</u>. Rather, Jeff Searles claimed that Denton Peterson Dunn only represented Excellent Auto "for a limited time in an advisory capacity." *Id.* Jeff Searles also confirmed he was an authorized representative of Excellent Auto. *Id.*

42.    On June 1, 2025, Plaintiff served Denton Peterson Dunn with two subpoenas: one for Jeff Searles, a self-identified authorized representative of Excellent Auto, and another for Auto Glass, the entity through which Excellent Auto solicited Plaintiff. Dkt. No. 14, at 3.

43.    On June 13, 2025, Denton Peterson Dunn confirmed it represented Mr. Searles and Auto Glass Shop for the purposes of responding to both subpoenas. *Id.*

44.    At Denton Peterson Dunn's request, Plaintiff amended the subpoena to Auto Glass on July 3, 2025. *Id.*

45.    On July 21, 2025, Denton Peterson Dunn stated Auto Glass Shop is "out of business" and "has no representative to appear in response to the subpoena." *Id.*

46.    However, according to the Arizona Corporation Commission, Auto Glass is an active entity and in good standing.

47.    Plaintiff sought a deposition date for Jeff Searles instead. Denton Peterson Dunn responded that Jeff Searles had not been served with a subpoena and did not provide a date, despite the fact Denton Peterson Dunn was served with both the Searles and Auto Glass subpoenas, and confirmed it represented Searles and Auto Glass Shop for the purposes of responding to the subpoenas on June 13, 2025. *Id.*

48.    Plaintiff then amended the Complaint on September 9, 2025, to include Auto Glass and Jeff Searles as Defendants. Dkt. No. 16.

49.    However, Auto Glass did not appear. The clerk entered default against Auto Glass on October 17, 2025. Dkt. No. 25.

SECOND AMENDED COMPLAINT - CLASS
ACTION – 10

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

50.     Similar to his litigation conduct in the RICO case, Jeff Searles moved to dismiss this action, arguing that he cannot be personally liable for the conduct of Excellent Auto and Auto Glass. Dkt. No. 22.

51.     This Second Amended Complaint followed Jeff Searles' motion to dismiss.

**C.     Factual Allegations Regarding Plaintiff**

52.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

53.     Plaintiff's cellular telephone number is (602) 881-XXXX.

54.     Plaintiff listed his telephone number on the National Do-Not-Call Registry on May 27, 2015, and has not removed it from the Registry since that time.

55.     Plaintiff uses this telephone number for personal, residential, and household purposes.

56.     Plaintiff's telephone number is not associated with any business.

57.     Plaintiff has never been a customer of Defendants Excellent Auto or Auto Glass and never consented to receive calls or text messages from Defendants Excellent Auto or Auto Glass.

58.     Yet, over the last twelve (12) months, Plaintiff has received more than five telephone solicitations and text messages on his cellular telephone, (602) 881-XXXX from Defendants Excellent Auto and Auto Glass combined.

59.     These calls and text messages were made to Plaintiff for the purpose of marketing Defendants' auto glass repair and replacement services.

60.     For instance, on October 25, 2024, Plaintiff received a missed call on his cellular telephone, (602) 881-XXXX.

SECOND AMENDED COMPLAINT - CLASS
ACTION – 11

61. This call came from telephone number (480) 339-1031, and the caller I.D. indicated that the telephone call came from Pheonix, Arizona.

62. Plaintiff recognized that area code, 480, as he has previously received several telemarketing calls from Defendant from that same area code and receives no other calls from said area code.

63. On October 25, 2024, at 1:59 p.m., Plaintiff also received a solicitation text message on his cellular telephone, (602) 881-XXXX, from Defendant.

64. That text message came from telephone number (480) 339-5143.

65. The customer account name and billing entity name for telephone number (480) 339-5143 belongs to Defendant Auto Glass Shop, LLC.

66. The account contacts for telephone number (480) 339-5143 include Defendant Jeff Searles, as well as David Kight and Amanda Greve.

67. The account address for telephone number (480) 339-5143 is 500 W Broadway Rd, Tempe, AZ 85282 (the same address of Defendants Excellent Auto and Auto Glass according to their online profiles) but the shipping address is 1711 N Val Vista Drive, Mesa AZ 85213.

68. That message solicited Defendants' auto glass replacement and repair services and read as follows:

> Hi! This is Alex from the Auto Glass Shop. We noticed your windshield was replaced a few years ago, and you now qualify for a NO-COST replacement through your insurance, plus repairs for any chips or cracks. Act now to take advantage of exclusive cash-back offers up to $375, available only to our valued customers.

SECOND AMENDED COMPLAINT - CLASS ACTION – 12

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

1    Don't wait – ensure your safety today! Call or text us at (480) 339-

2    1025 for details. Stay safe on the road! If you wish to discontinue

3    receiving service offers from us, simply reply STOP, and you will

4    no longer receive notifications.

5    69.    October 26, 2024, in an attempt to determine the identity of the caller and make

6    another request to stop receiving solicitations, Plaintiff called the number provided in the text

7    message, (480) 339-1025.

8    70.    The customer account name and billing entity name for telephone number (480)

9    339-1025 belongs to Defendant Auto Glass Shop, LLC.

10    71.    The account contacts for telephone number (480) 339-1025 include Jeff Searles,

11    as well as David Kight and Amanda Greve.

12    72.    The account address for telephone number (480) 339-1025 is 500 W Broadway

13    Rd, Tempe, AZ 85282 (the same address of Defendants Excellent Auto and Auto Glass

14    according to their online profiles) but the shipping address is  1711 N Val Vista Drive, Mesa AZ

15    85213.

16    73.    Despite the foregoing, Plaintiff was connected to an Excellent Auto employee.

17    74.    Plaintiff asked to speak with a supervisor and was transferred to an individual

18    who introduced herself as Shannon.

19    75.    Plaintiff asked Shannon for the name, address, and phone number of the

20    company.

21    76.    Shannon informed Plaintiff that the name of the company was Excellent Auto

22    Glass.

23    77.    Shannon provided Plaintiff with the website https://excellentautoglass.com/.

24

25    SECOND AMENDED COMPLAINT - CLASS
ACTION – 13

78.     Shannon provided Plaintiff with the address 500 W Broadway Road, Suite 100, Tempe, Arizona 85282, and the phone number (602) 844-4672.

79.     This address and telephone number are identical to the address and telephone number on Excellent Auto Glass's Google listing, Facebook, and Yelp pages. *See* https://www.facebook.com/excellentautoglassaz (last visited November 22, 2024); https://www.yelp.com/biz/excellent-auto-glass-tempe-2#reviews (last visited November 22, 2024).

80.     The address for Auto Glass Shop's Yelp page is also 500 W Broadway Road, Tempe, Arizona 85282, but the telephone number is (480) 385-2502. *See* https://www.yelp.com/biz/auto-glass-shop-tempe (last visited September 8, 2025).

81.     Plaintiff informed Shannon that he had received many unwanted telemarketing calls and text messages from Defendants over at least the past 12 months.

82.     Plaintiff also informed Shannon that he had asked Defendants' representatives on each occasion to stop contacting him.

83.     Shannon confirmed that Plaintiff's cellular telephone number, (602) 881-XXXX, was already Defendants' internal Do-Not-Call list.

84.     Shannon assured Plaintiff that he would no longer receive solicitations from Defendants.

85.     Despite this, on or about October 28, 2024, at 5:17 a.m., Plaintiff received another solicitation text message from Defendants.

86.     That text message came from telephone number (480) 339-1031.

87.     That message read as follows:

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

1    Hi, I received a missed call from your number last weekend do

2    you need a repair or replacement to your windshield or car

3    windows? Thanks

4    88.    Plaintiff is not alone in receiving spam calls and texts from Defendants, as many

5    other individuals have also received spam calls as evidence by Defendants' online reviews.

6    89.    Below    are    a    few    reviews    of    Excellent    Auto.    *See*

7    https://www.yelp.com/biz/excellent-auto-glass-tempe-2 (last visited September 8, 2025).

**Andrea A.**
Tempe, AZ
📷 6 🎬 45 🖼 8

⭐ Jun 30, 2025

I called this company a long time ago to get a quote for a replacement windshield. Honestly, I think they did the sticky note with me at my job.

I didn't take them up on it for a couple, just wasn't a priority. They regularly called and texted. I said I'd call them, but they continued to call and text. I finally replaced the windshield, cash out of pocket. The tech was nice and professional, came when they said they'd come. That part was fine. The issue is they started calling me again a few months later and never stopped. Text and calls. Look man, it's a windshield. I'll call you when I need you. This is not really a thing you need to call me about every few weeks or so.

I asked multiple times to be taken off the list. I'll call you. You don't need to call me. Well, one of the times they told me they'd "try" to take me off the list. I said no, I asked you explicitly to take me off the list. Do NOT call me. Well, that still hasn't worked. Still getting texts.

I will never use this company again. Making a nuisance of yourselves, ignoring customer requests, and not following regulations for contacts is not good business. I would strongly advise against "The Auto Glass Co." or Excellent Auto Glass or whatever they're calling themselves today.

25    SECOND AMENDED COMPLAINT - CLASS
ACTION – 15

1

2



**Amanda M.**
Glendale, AZ
📷 1  💬 6  🖼 1

3  ⭐☆☆☆☆ Jun 30, 2020

4  After about a four week break the auto glass shop has began calling me again, with another new number.

5  Like I've said before, they did a bad job on my windshield, left glass behind and I cut my hand open on it.

6  Maybe they're harassing me because of my honest review of them? I'm not sure.
My updated review is this company will install a windshield and potentially leave a bunch of glass in your car for you to clean up and cut yourself on, harass you, constantly, maybe more if you complain about them.

7  I didn't answer my phone this morning because I didn't know the number so they called me 3 times.
I've filed a formal complaint today, and we'll see if I have to do anything else to make it stop.

8  What a horrible business practice. I would not recommend Excellent Auto Glass of Tempe. If I could give 0 stars I would.

9

10    90.    Below are a few reviews of Auto Glass Shop. *See* https://www.yelp.com/biz/auto-

11  glass-shop-tempe (last visited September 8, 2025).

12

13



**Angela M.**
Mesa, AZ
📷 51  💬 16  🖼 29

14  ⭐☆☆☆☆ Feb 21, 2024

15  I honestly don't remember using this company, but I am sure I have in the past. However, do not waste your time. They now call me multiple times a week, plus send me text messages. If I block a #, they just call from a different one. Doesn't matter how much you tell them not to call you, they still do.

16

17  Don't worry, I will be filing a complaint with the TCPA and the CFPB as their harassment is actually illegal.

18

19



**Thomas L.**
Phoenix, AZ
📷 0  💬 46  🖼 50

20

21  ⭐☆☆☆☆ Jan 17, 2024 · 🔄 Updated review

22  Don't ever give them your phone number they will call you and call you and call you even if you tell them not to you can block them all you want they will continue to call you. They have no respect for your privacy or your time.

23

24

25  SECOND AMENDED COMPLAINT - CLASS
ACTION – 16

1
2



**Mike R.** `Elite 25` `All-Star`
Litchfield Park, AZ
📷 1  💬 338  🖼 1732

3

⭐☆☆☆☆   May 29, 2020

4
5
6

Stop Calling Me!!! You say that I qualify for a free replacement and that I will get a rebate if I replace my windshield. I tell you that my windshield is fine. You pressure me to to replace a windshield on any of my cars. I DON'T NEED A WINDSHIELD, and if I did, I would do business with someone else next time. When you replaced my windshield the first time, the windshield install went okay. I was promised window tint up top to help with the Phoenix heat. That service was not performed. I will start documenting every call. Geez!

7
8



**Andy R.**
Seattle, WA
📷 28  💬 31  🖼 0

9

⭐☆☆☆☆   Jul 21, 2017

10

0 STARS.

11

SAME STORY. Guys, they have been calling me for YEARS. LITERAL YEARS.

12
13

I did ONE repair thingie at a car wash one RANDOM day, and it's NEVER stopped. I've complained to EVERYBODY you can complain to. I've filed complaints with EVERYBODY you can. STILL THE CALLS COME. I have more blocked phone numbers in my phone than I can count, because they call from a different number EVERY.TIME. I've told the dumb asses I don't even LIVE in AZ anymore, and haven't for YEARS. STILL THEY CALL. I'm on every Do Not Call List. STILL THEY CALL.

14
15

Seriously, how do they think this kind of behavior ENCOURAGES repeat business? And they're so effing slimey - calling from different numbers and harassing. It can't possibly be business, but like some sicko's power game.

16

I HATE THEM SO MUCH.

17

THEY ARE THE WORST ON THE PLANET RUN AWAY.

18

**Michael S.**
Scottsdale, AZ
📷 4  💬 3  🖼 0

19
20

⭐☆☆☆☆   Sep 5, 2017

21

Please make them stop calling. This company is the worst glass shop that I have ever used. They replaced a windshield for me many many years ago and they had to redo it three times because they installed the wrong windshield on my BMW.

22

Now they will not stop calling. I have been nice, and I have been as rude as possible, without any success. If you guys read this STOP CALLING ME!!!!!

23
24
25

SECOND AMENDED COMPLAINT - CLASS
ACTION – 17

**Tamber S.**
Tempe, AZ
5  17  4

⭐ Jul 20, 2020

Stop calling me!! I've never done business with this company. No one knows who the owners is or they hang up on me when I ask.
Pretty sketchy. Seriously stop calling this is harassment!

91.     Plaintiff and other individuals who received these telephone and text message solicitations suffered an invasion of privacy and were harassed by the conduct of Defendants.

## VI.  CLASS ACTION ALLEGATIONS

92.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

93.     Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

94.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the
> United States: (1) whose residential telephone numbers were on
> the National Do Not Call Registry for at least 31 days; (2) but who
> received more than one telephone solicitation call from
> Defendants or a third party acting on Defendants' behalf; (3)
> within a 12-month period; (4) within the four years prior to the
> filing of the Complaint.

95.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

SECOND AMENDED COMPLAINT - CLASS
ACTION – 18

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

96.     Excluded from the Class are counsel, Defendants, and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

97.     Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

98.     This Class Action Complaint seeks injunctive relief and money damages.

99.     The Class, as defined above, are identifiable through Defendants' dialer records, other phone records, and phone number databases.

100.    Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

101.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

102.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

103.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

104.    There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

    a.     Whether Defendants made multiple calls to Plaintiff and members of the Class;

SECOND AMENDED COMPLAINT - CLASS
ACTION – 19

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

b.      Whether Defendants' conduct constitutes a violation of the TCPA; and

c.      Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

105.    Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

106.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

107.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

108.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

109.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### **FIRST CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act against Defendants**

**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the Class)**

110.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

SECOND AMENDED COMPLAINT - CLASS ACTION – 20

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

111.    The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the Class despite their numbers being on the National Do Not Call Registry.

112.    Defendants' violations were negligent, willful, or knowing.

113.    As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

114.    Plaintiff and the members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.      That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

1        C.      An order certifying this action to be a proper class action pursuant to Federal Rule

2  of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a

3  proper representative of the Class, and appointing the lawyers and law firms representing

4  Plaintiff as counsel for the Class;

5        D.      Such other relief as the Court deems just and proper.

6  <center>**VIII.  DEMAND FOR JURY TRIAL**</center>

7  Plaintiff hereby demands a trial by jury.

8      RESPECTFULLY SUBMITTED AND DATED this 27th day of October, 2025.

9                           */s/ Samuel J. Strauss,* WSBA #46971

                                  Samuel J. Strauss, WSBA #46971

10                            **STRAUSS BORRELLI PLLC**

                             980 North Michigan Ave., Suite 1610

11                             Chicago, Illinois 60611

                             Telephone: (872) 263-1100

12                             Facsimile:  (872) 263-1109

                             sam@straussborrelli.com

13

14                             Anthony I. Paronich *(pro hac vice)*

                             **PARONICH LAW PC**

15                             350 Lincoln Street, Suite 2400

                             Hingham, MA 02043

16                             Telephone: (617) 485-0018

                             anthony@paronichlaw.com

17                             *Attorneys for Plaintiff*

18

19

20

21

22

23

24

25  SECOND AMENDED COMPLAINT - CLASS
    ACTION – 22

1

## **CERTIFICATE OF SERVICE**

2          I, Samuel J. Strauss, hereby certify that on October 27, 2025, I caused the foregoing to

3  be electronically filed with the Court using the Court's CM/ECF system which will send an

4  electronic copy to all parties and/or their counsel of record.

5          DATED this 27th day of October, 2025.

6                                             Respectfully submitted,

7                                             */s/ Samuel J. Strauss,* WSBA #46971
                                             Samuel J. Strauss, WSBA #46971
8                                             **STRAUSS BORRELLI PLLC**
                                             980 North Michigan Ave., Suite 1610
9                                             Chicago, Illinois 60611
                                             Telephone: (872) 263-1100
10                                            Facsimile:  (872) 263-1109
                                             sam@straussborrelli.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  SECOND AMENDED COMPLAINT - CLASS
     ACTION – 23

— **EXHIBIT  A** —



Sterling R. Peterson, #020628
Sterling@DentonPeterson.com
Brad A. Denton, #016454
Brad@DentonPeterson.com
Jay Parmelee, #034477
Jay@DentonPeterson.com

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW

1930 N. ARBOLEDA ROAD, SUITE 200
MESA, ARIZONA 85213
TELEPHONE: (480) 325-9900
FACSIMILE: (480) 325-9901
HTTPS://ARIZONABUSINESSLAWYERAZ.COM

*Attorneys for Defendants/Counterclaimants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Farmers Insurance Company of Arizona, an Arizona corporation, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>DNS Auto Glass Shop, LLC, d/b/a Express Glass Works and Glass Replacements, an Arizona limited liability company, et al.<br><br>Defendants. | Case No. 2:21-cv-01390-DGC<br><br><br>**DECLARATION OF JEFF SEARLES** |
| Right at Home Glass, LLC, a Delaware limited liability company, et al.<br><br>Counterclaimants,<br><br>vs.<br><br>Farmers Insurance Company of Arizona, an Arizona corporation, et al.<br><br>Counter-defendants. | |

1

I, Jeff Searles, state as follows:

1.    I am over 18 and am competent to complete this declaration and testify.

2.    I have personal knowledge regarding the facts outlined herein.

3.    I manage the day-to-day affairs of the Defendant Glass Companies.

4.    Defendant GCs consist of several auto glass companies that perform glass repair services in Arizona, Florida, and South Carolina.

5.    The glass repair services performed by Defendant GCs include, among other things:  marketing and selling the glass services; handling the administrative tasks of the glass claims (including setting up the glass claim with the insurance company, handling the necessary paperwork, billing the insurance, conducting collection efforts, etc.), ordering appropriate parts for the glass jobs, removing old windshields and installing new windshields, handling customer complaints and warranties, etc.

6.    During the relevant time period (2018-2020)[1], Defendants maintained physical offices in Orlando and Jacksonville, as well as virtual offices in Tampa and Maitland.

7.    Defendants also maintained business telephone numbers in Florida, which they have had since they began.

8.    During this time period, Defendants employed (through a Professional Employment Organization) over 100 workers in Florida.

9.    I have reviewed the pertinent records related to the ~3,000 glass repairs at issue in Farmers' Complaint, and approximately 97% of the claims were performed through Defendant Glass Replacements, LLC, ("GR") and approximately 3% were performed through Defendant entity Right At Home Glass, LLC ("RAHG").

10.    GR is a Florida entity that is registered to do business both in Florida and Arizona.

11.    GR has been in business since 2011 and has a Florida address (Maitland) and a Florida phone number.

_____

[1] Farmers' ~3,000 claims in this case range from November 2017 through November 2020.

DPD   DENTON PETERSON DUNN
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

12. At all relevant times, GR performed glass repair services in both Florida and Arizona.

13. RAHG is a Delaware entity that is likewise registered to do business in Florida and Arizona.

14. RAHG has been in business since 2015 and during the pertinent time period (2018-2020) had a Florida office (Jacksonville) and also a Florida phone number.

15. When an insured driver is in need of having glass replaced on her vehicle, the driver may assign to the Glass Company her claim to the proceeds for reimbursement from the insurance company for the replacement and installation of the new glass in exchange for the Glass Company performing the glass services.

16. The Glass Company, with the insured on the line, will then call the insurance company (in this case, Farmers) to verify insurance coverage and set up the claim.

17. This phone call is referred to as the First-Notice-of-Loss call ("FNOL call") and, in the case of the claim at issue here, whose calls were answered by the Farmers' call center.

18. During the FNOL call, the Glass Company verifies with Farmers that the insured has insurance coverage for the claim.

19. The Glass Company provides, along with the insured, information that Farmers gathers on the FNOL call, including information about the insured driver—driver's name, address, phone number, vehicle information, the type of damage, and often times where the damage occurred and where the repairs will take place.

20. The Glass Companies procure an assignment of benefits ("AOB") from the insured driver, allowing the GC to bill and receive payment from Farmers.

21. GR  performed the glass services on the vast majority of the ~3,000 glass claims at issue in this case.

22. Never during any of the FNOL calls did GR or RAHG ever tell Farmers the repairs were taking place in Florida.

DENTON PETERSON DUNN
ATTORNEYS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

3

23.     I have reviewed the call logs provided by Plaintiffs in this matter and they all follow a similar pattern – the insured and/or the GCs inform Farmers that the insured is located in Arizona, they provide the insured's Arizona address and phone number, they often discuss that the damage occurred in Arizona and that the repair or replacement is going to take place in Arizona.

24.     Farmers has never identified a single FNOL call on any of these claim that involve anything other than an *Arizona* address for the insured, an *Arizona* loss location, and an *Arizona* service location, nor has Farmers identified any FNOL call where the GCs' representative states the glass repair services will take place in Florida.

25.     None of the glass claims asserted by Farmers indicate a Florida service address within the eDG software.

26.     All of the work orders also reflect a service address of *Arizona* where the repairs will be taking place and also contain the *Arizona* address of the insured.

27.     The invoices/work orders are never sent because the invoicing/billing is all done electronically.

28.     I had no idea how Farmers or Safelite determined *where* the glass service was going to take place.

29.     I had no idea Farmers used the GC's billing phone number to determine the geographic location *where* the repairs were taking place nor did I ever intend for Farmers to process these claims as if the repairs were taking place in Florida.

30.     I declare under penalty of perjury that the foregoing is true and correct.

Signed this 27 day of October, 2023.

_____
Jeff Searles

4

— **EXHIBIT B** —

Brad A. Denton, #016454
Brad@DentonPeterson.com

**DPD DENTON PETERSON DUNN**
ATTORNEYS & COUNSELORS AT LAW

1930 N. ARBOLEDA ROAD, SUITE 200
MESA, ARIZONA 85213
TELEPHONE: (480) 325-9900
FACSIMILE: (480) 325-9901
HTTPS://ARIZONABUSINESSLAWYERAZ.COM
*Attorney for Denton Peterson Dunn, PLLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Darrin Riffle,<br><br>         Plaintiff,<br><br>v.<br><br>Excellent Auto Glass, LLC,<br><br>         Defendant. | **Case No. 2:25-mc-00017-KML**<br><br><br>**AFFIDAVIT OF EXCELLENT AUTO GLASS, LLC** |

Jeff Searles, on behalf of Excellent Auto Glass, LLC declares as follows:

1.    I am over the age of eighteen, and competent to testify about this matter;

2.    I am an authorized representative of Excellent Auto Glass, LLC ("EAG");

3.    While the Firm does not represent EAG in *Riffle v. Excellent Auto Glass, LLC,* No. 3:24-cv-05975-TMC, the Firm represented EAG for a limited time in an advisory capacity providing EAG advice concerning the claims made in the lawsuit.

4.    All documents listed in the Firm's privilege log in Exhibit C to the First Amended Motion to Quash were communications made between EAG and the Firm in confidence for the purpose of obtaining legal advice.

5.    EAG wishes to assert its attorney-client privilege to prevent the disclosure of the documents identified in Exhibit C to the First Amended Motion to Quash.

6.    The Firm does not have any written engagement or retention letters with EAG.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

## Signature is on the following page

1

Excellent Auto Glass, LLC

By: Jeff Searles

Its: Authorized Representative

STATE OF ARIZONA    )
                    )  ss.
County of Maricopa  )

    This instrument was acknowledged before me this  25  day of  June  , 2025, by Jeff Searles.



Notary Public

My Commission Expires:

04/30/2027

**LINDSEY RICE**
**Notary Public - Arizona**
**Maricopa Co. / #649976**
**Expires 04/30/2027**

DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

DPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28