UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRIN RIFFLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXCELLENT AUTO GLASS, LLC; AUTO GLASS SHOP, LLC; and JEFF SEARLES,<br><br>Defendants. | CASE NO. 3:24-cv-05975<br><br>**DEFENDANT JEFF SEARLES' ANSWER TO SECOND AMENDED COMPLAINT** |

Defendant Jeff Searles ("Defendant" or "Mr. Searles"), by and through undersigned counsel, answers Plaintiff Darrin Riffle's Second Amended Complaint ("SAC") as follows. To the extent any allegation is not specifically admitted, it is denied. Mr. Searles reserves all defenses, including but not limited to lack of personal jurisdiction.

**I.   NATURE OF ACTION**

1. Paragraph 1 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him.

2. Paragraph 2 contains legal conclusions and quotations from case law to which no response is required.

3. Defendant admits that the corporate defendants are in the auto glass repair business. Defendant denies that he personally solicits individuals for auto glass repair.

4. Defendant denies the allegations in Paragraph 4 as they pertain to him.

5. Paragraph 5 describes the relief sought and requires no response.

## II. JURISDICTION AND VENUE

6. Paragraph 6 contains legal conclusions to which no response is required.

7. Defendant denies that this Court has personal jurisdiction over him. Defendant is an individual who resides in Arizona and whose contacts, if any, with Washington are insufficient to establish personal jurisdiction.

8. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8 and therefore denies them.

## III. PARTIES

9. Defendant lacks sufficient information to admit or deny Plaintiff's residency and therefore denies the same.

10. Defendant admits that Excellent Auto Glass, LLC is a limited liability company. Defendant lacks sufficient information regarding its state of formation and therefore denies the same.

11. Defendant admits that Auto Glass Shop, LLC is an Arizona limited liability company.

12. Defendant admits that he is a manager of Excellent Auto Glass, LLC and Auto Glass Shop, LLC. Defendant admits that he resides in Arizona. Defendant denies any characterization that his status as manager renders him personally liable for the LLCs' obligations.

## IV. TCPA BACKGROUND

13. Paragraph 13 contains legal conclusions to which no response is required.

14. Paragraph 14 contains legal conclusions to which no response is required.

15. Paragraph 15 contains legal conclusions to which no response is required.

16. Paragraph 16 contains legal conclusions to which no response is required.

## V. FACTUAL ALLEGATIONS

**A. Factual Allegations Regarding Defendants**

*DEFENDANT JEFF SEARLES'*
*ANSWER TO SECOND*
*AMENDED COMPLAINT*

2

**Halverson Law, PLLC**
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

17. Defendant admits that Excellent Auto Glass, LLC's registered agent is Brad Denton and that Defendant is a manager. Defendant admits the addresses are substantially accurate.

18. Defendant lacks sufficient information to admit or deny the current status of Excellent Auto Glass, LLC with the Arizona Corporation Commission and therefore denies the same.

19. Defendant admits that Auto Glass Shop, LLC's registered agent is Brad Denton and that the management includes the individuals and entities identified. Defendant admits the addresses are substantially accurate.

20. Defendant lacks sufficient information to admit or deny the current status of Auto Glass Shop, LLC with the Arizona Corporation Commission and therefore denies the same.

21. Defendant admits that Auto Glass Holdings, LLC is an Arizona limited liability company with the management structure identified.

22. Defendant lacks sufficient information to admit or deny the current status of Auto Glass Holdings, LLC with the Arizona Corporation Commission and therefore denies the same.

23. Defendant admits that DNS Auto Glass Shop, LLC exists and has the management structure identified.

24. Defendant lacks sufficient information to admit or deny the current status of DNS Auto Glass, LLC with the Arizona Corporation Commission and therefore denies the same.

25. Defendant admits that Glass Replacements, LLC exists as described.

26. Defendant lacks sufficient information to admit or deny the current status of Glass Replacements, LLC with the Arizona Corporation Commission and therefore denies the same.

27. Defendant admits that certain entities and individuals were parties to the litigation referenced in Paragraph 27. The referenced court documents speak for themselves. Defendant denies any characterization or inference that the referenced litigation establishes personal liability against him in this action.

    a. The referenced documents speak for themselves. Defendant denies any characterizations thereof.

    b. The referenced documents speak for themselves.

DEFENDANT JEFF SEARLES'
ANSWER TO SECOND
AMENDED COMPLAINT

3

Halverson Law, PLLC
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

    c. The referenced documents speak for themselves. Defendant denies that the referenced order establishes any facts binding in this action.

    d. Defendant admits he submitted a declaration in the referenced litigation. The declaration speaks for itself. Defendant denies that statements regarding insurance billing disputes establish personal liability for alleged TCPA violations.

    e. The referenced declaration speaks for itself.

    f. The referenced documents speak for themselves.

28. Defendant admits he is a member and manager of Excellent Auto Glass, LLC and Auto Glass Shop, LLC. Defendant denies that his status as member or manager renders him personally liable for the LLCs' obligations.

29. Defendant denies the allegations in Paragraph 29 to the extent they suggest personal liability.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant admits the corporate defendants are in the auto glass repair business. Defendant denies any personal involvement in solicitation.

33. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 33 and therefore denies the same.

34. Paragraph 34 contains legal conclusions to which no response is required.

35. Defendant admits that the corporate defendants have not appeared in this action. Defendant denies the remaining allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

**B. Procedural History**

37. The referenced documents speak for themselves.

38. The referenced documents speak for themselves.

39. The referenced documents speak for themselves.

40. The referenced documents speak for themselves.

DEFENDANT JEFF SEARLES'  
ANSWER TO SECOND  
AMENDED COMPLAINT

4

Halverson Law, PLLC  
Attorneys at Law  
455 Rainier Ave N, Suite 220  
Issaquah, WA 98027  
Phone: 206-489-2712 Fax 206-826-1788

41. Defendant admits he submitted an affidavit as referenced. The affidavit speaks for itself.

42. The referenced documents speak for themselves.

43. Defendant admits that Denton Peterson Dunn confirmed representation for purposes of responding to subpoenas.

44. The referenced documents speak for themselves.

45. Defendant lacks sufficient information regarding the referenced communications and therefore denies the same.

46. Defendant lacks sufficient information to admit or deny the current status of Auto Glass Shop, LLC with the Arizona Corporation Commission and therefore denies the same.

47. The referenced documents speak for themselves.

48. The referenced documents speak for themselves.

49. The referenced documents speak for themselves.

50. Defendant admits he filed a motion to dismiss. The motion speaks for itself. Defendant denies the characterization of his "litigation conduct."

51. Defendant admits the Second Amended Complaint was filed after his motion to dismiss.

**C. Factual Allegations Regarding Plaintiff**

52. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 52 and therefore denies the same.

53. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 53 and therefore denies the same.

54. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 54 and therefore denies the same.

55. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 55 and therefore denies the same.

56. Defendant lacks sufficient information to admit or deny the allegations in Paragraph

*DEFENDANT JEFF SEARLES'*
*ANSWER TO SECOND*
*AMENDED COMPLAINT*

5

**Halverson Law, PLLC**
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

1  56 and therefore denies the same.

2  57. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3  57 and therefore denies the same.

4  58. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 5  58 and therefore denies the same.

6  59. Defendant denies the allegations in Paragraph 59 as they pertain to him.

7  60. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8  60 and therefore denies the same.

9  61. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 10  61 and therefore denies the same.

11  62. Defendant denies the allegations in Paragraph 62.

12  63. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 13  63 and therefore denies the same.

14  64. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 15  64 and therefore denies the same.

16  65. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17  65 and therefore denies the same.

18  66. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 19  66 and therefore denies the same.

20  67. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21  67 and therefore denies the same.

22  68. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 23  68 and therefore denies the same.

24  69. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 25  69 and therefore denies the same.

26  70. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 27  70 and therefore denies the same.

*DEFENDANT JEFF SEARLES'*
*ANSWER TO SECOND*
*AMENDED COMPLAINT*

6

**Halverson Law, PLLC**
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

71. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 71 and therefore denies the same.

72. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 72 and therefore denies the same.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 74 and therefore denies the same.

75. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 75 and therefore denies the same.

76. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 76 and therefore denies the same.

77. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 77 and therefore denies the same.

78. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 78 and therefore denies the same.

79. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 79 and therefore denies the same.

80. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 80 and therefore denies the same.

81. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 81 and therefore denies the same.

82. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 82 and therefore denies the same.

83. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 83 and therefore denies the same.

84. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 84 and therefore denies the same.

*DEFENDANT JEFF SEARLES'*
*ANSWER TO SECOND*
*AMENDED COMPLAINT*

7

**Halverson Law, PLLC**
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

85. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 85 and therefore denies the same.

86. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 86 and therefore denies the same.

87. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 87 and therefore denies the same.

88. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 88 and therefore denies the same.

89. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 89 and therefore denies the same.

90. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 90 and therefore denies the same.

91. Defendant denies the allegations in Paragraph 91 as they pertain to him.

## VI. FACTUAL ALLEGATIONS

92. Defendant incorporates his responses to the preceding paragraphs.

93. Paragraph 93 contains legal conclusions to which no response is required.

94. Defendant denies that class certification is appropriate.

95. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 95 and therefore denies the same.

96. Paragraph 96 requires no response from Defendant.

97. Defendant denies the allegations in Paragraph 97.

98. Paragraph 98 describes the relief sought and requires no response.

99. Defendant denies the allegations in Paragraph 99.

100. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 100 and therefore denies the same.

101. Paragraph 101 contains legal conclusions to which no response is required.

102. Paragraph 102 contains legal conclusions to which no response is required.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 105 and therefore denies the same.

106. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 106 and therefore denies the same.

107. Defendant denies the allegations in Paragraph 107.

108. Paragraph 108 contains legal conclusions to which no response is required.

109. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 109 and therefore denies the same.

## FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act against Defendants

### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the Class)

110. Defendant incorporates his responses to the preceding paragraphs.

111. Defendant denies the allegations in Paragraph 111 as they pertain to him.

112. Defendant denies the allegations in Paragraph 112.

113. Paragraph 113 contains legal conclusions to which no response is required. Defendant denies that Plaintiff or any putative class member is entitled to damages from him.

114. Paragraph 114 describes the relief sought and requires no response. Defendant denies Plaintiff is entitled to injunctive relief against him.

## VII. PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## VIII. PRAYER FOR RELIEF

Defendant Jeff Searles demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant

*DEFENDANT JEFF SEARLES'*
*ANSWER TO SECOND*
*AMENDED COMPLAINT*

9

**Halverson Law, PLLC**
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

asserts the following affirmative defenses:

## FIRST DEFENSE

### (Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over Defendant Jeff Searles. Mr. Searles is an individual who resides in Arizona. He has not purposefully directed any activities at Washington, does not have continuous and systematic contacts with Washington, and has not purposefully availed himself of the privilege of conducting activities in Washington. The exercise of personal jurisdiction over Mr. Searles would not comport with traditional notions of fair play and substantial justice.

## SECOND DEFENSE

### (Failure to State a Claim)

The Second Amended Complaint fails to state a claim upon which relief can be granted against Defendant Jeff Searles. Under Washington law, RCW 25.15.126, and Arizona law, A.R.S. § 29-3304, a member or manager of a limited liability company is not personally liable for the obligations of the company solely by reason of being a member or manager. Plaintiff has not alleged facts sufficient to impose personal liability on Mr. Searles for any alleged conduct of Excellent Auto Glass, LLC or Auto Glass Shop, LLC.

## THIRD DEFENSE

### (No Personal Participation)

Defendant Jeff Searles did not personally make, direct, authorize, or control any telephone calls or text messages to Plaintiff or to any putative class member. To the extent any calls or texts were made, they were made by corporate entities, third parties, or agents over whom Mr. Searles exercised no direct personal control.

## FOURTH DEFENSE

### (Statute of Limitations)

Some or all of Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

DEFENDANT JEFF SEARLES'
ANSWER TO SECOND
AMENDED COMPLAINT

10

**Halverson Law, PLLC**
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

## FIFTH DEFENSE

### (Lack of Willful Conduct)

Defendant Jeff Searles did not act willfully or knowingly with respect to any alleged violation of the TCPA. To the extent any violation occurred, it was not the result of any willful or knowing conduct by Mr. Searles, and treble damages are not warranted.

## SIXTH DEFENSE

### (Consent / Prior Relationship)

Upon information and belief, some or all of the calls or texts alleged in the Second Amended Complaint were made to individuals who had given prior express consent to receive such communications or who had an established business relationship with the corporate defendants.

## SEVENTH DEFENSE

### (Class Certification Improper)

Class certification is not appropriate in this action because the proposed class fails to satisfy one or more requirements of Federal Rule of Civil Procedure 23, including but not limited to numerosity, commonality, typicality, adequacy, predominance, and superiority. Individualized issues, including consent, established business relationships, and DNC Registry status, predominate over any common questions.

## EIGHTH DEFENSE

### (No Vicarious Liability / Agency)

To the extent any calls or texts were made by third parties, Defendant Jeff Searles is not vicariously liable for such conduct. Any third parties who may have made calls or texts were not agents of Mr. Searles individually, and Mr. Searles did not authorize, direct, or ratify any unlawful conduct.

## NINTH DEFENSE

### (Reservation of Defenses)

Defendant reserves the right to assert additional affirmative defenses as discovery

DEFENDANT JEFF SEARLES'
ANSWER TO SECOND
AMENDED COMPLAINT

11

Halverson Law, PLLC
Attorneys at Law
455 Rainier Ave N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 Fax 206-826-1788

proceeds and additional facts become known.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant Jeff Searles respectfully requests that the Court:

A. Dismiss all claims against him with prejudice;

B. Deny class certification;

C. Award Defendant his costs and reasonable attorney's fees to the extent permitted by law; and

D. Grant such other and further relief as the Court deems just and proper.

DATED this December 2, 2025.

Respectfully submitted,

**HALVERSON LAW, PLLC**

By_____
[ ] Erik L. Halverson, WSBA #48511
[X] Andrew Ried-Munro, WSBA #63662
**Attorneys for Defendant Jeff Searles**
455 Rainier Blvd N, Suite 220
Issaquah, WA 98027
Phone: 206-489-2712 | Fax: 206-826-1788