UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARRIN RIFFLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXCELLENT AUTO GLASS, LLC; AUTO GLASS SHOP, LLC; and JEFF SEARLES.<br><br>Defendants. | Case No. 3:24-cv-05975-TMC<br><br>Honorable District Judge<br>Tiffany M. Cartwright |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Plaintiff Darrin Riffle and Defendant Jeff Searles ("Defendant" or "Jeff Searles")[1] (collectively, the "Parties"), by and through counsel, certify that they have conferred pursuant to Federal Rule of Civil Procedure 26(f) and submit the following Joint Report and Discovery Plan reflecting the result of that conference and their respective positions with respect to the items below.

---

[1] Defendant Jeff Searles owns and operates Defendant Excellent Auto Glass, LLC and Defendant Auto Glass Shop, LLC, which are active entities and in good standing according to the Arizona Corporation Commission. Second Amended Complaint ("SAC"), ¶¶ 17-20, 28. However, Defendant Jeff Searles' glass shop businesses did not appear to defend this action and were defaulted on January 31, 2025 (Dkt. 8) and October 17, 2025 (Dkt. 25) respectively. *Id.*, ¶ 35. All three Defendants are collectively referred to as "Defendants" herein.

JOINT STATUS REPORT AND DISCOVERY PLAN– 1

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

## 1. STATEMENT OF THE NATURE AND COMPLEXITY OF THE CASE

**Plaintiff's Statement:**

In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227). The National Do Not Call Registry ("the Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.* The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

Plaintiff alleges that Defendants made unsolicited telemarketing solicitations to his residential telephone number that is listed on the National Do Not Call Registry, although he has never been a customer of Defendants and did not consent to the calls. *See generally* SAC, ¶¶ 52-87. Plaintiff is not alone in receiving spam calls and texts from Defendants, as many other individuals have also received spam calls as evidence by Defendants' online reviews. *Id.,* ¶¶ 88-91. Excellent Auto and Auto Glass have not appeared to defend this Action, and are currently engaging in a deceptive and manipulative scheme to avoid responding to this lawsuit. *See generally id.,* ¶¶ 35-51. However, Defendant Jeff Searles has appeared, and he controls the day-to-day operations of Defendant Excellent Auto Glass and Auto Glass Shop; exercises direct, personal involvement in and ultimate control over the calls the Excellent Auto and Auto Glass placed to

JOINT STATUS REPORT AND DISCOVERY PLAN– 2

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

consumers; and regularly reviews the calls logs of Excellent Auto and Auto Glass. *Id.*, ¶¶ 29-31. As such, he personally disregarded the Do Not Call Registry status of each individual Excellent Auto and/or Auto Glass called, including Plaintiff. *Id.*, ¶ 31. Because telemarketing solicitations typically use technology capable of generating thousands of similar calls and messages per day, the Plaintiff sues on behalf of a proposed nationwide class, currently defined below:

> National DNC Class: All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing the Complaint.

**Defendant's Statement:**

Defendant Jeff Searles disputes Plaintiff's factual allegations and denies personal liability for the claims asserted.

Mr. Searles is the manager of Excellent Auto Glass, LLC, an Arizona limited liability company that provides auto glass repair and replacement services. He resides in Arizona and conducts business in Arizona.

Plaintiff's Second Amended Complaint relies heavily on Mr. Searles' statements in an unrelated RICO case involving insurance billing disputes—not telemarketing. Those statements do not establish that Mr. Searles personally made or directed any calls to Washington residents, personally reviewed DNC Registry status for any caller, or took any action beyond his ordinary role as a manager of an Arizona LLC.

Under both Arizona and Washington law, LLC members and managers are not personally liable for company obligations solely by reason of their status as members or managers. RCW 25.15.126; A.R.S. § 29-3304. Plaintiff has not alleged facts sufficient to impose personal liability on Mr. Searles.

JOINT STATUS REPORT AND DISCOVERY PLAN– 3

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

Defendant will respond to the Second Amended Complaint and reserves all defenses.

## 2. PROPOSED DEADLINE FOR AMENDING COMPLAINT AND JOINING ADDITIONAL PARTIES

The Parties agree that the deadline to join additional parties shall be January 17, 2026, and the deadline for filing amended pleadings shall be February 14, 2026. However, Plaintiff reserves the right to request to join additional parties or amend the pleadings at a later date.

## 3. CONSENT TO MAGISTRATE JUDGE

The Parties do not consent to the magistrate judge's jurisdiction.

## 4. PROPOSED DISCOVERY PLAN

The Parties held a FRCP 26(f) conference by zoom on December 2, 2025.

### A. Initial Disclosures

The Parties will provide initial disclosures by December 3, 2025, in accordance with this Court's Order. Dkt. 18.

### B. Subjects, Timing and Potential Phasing of Discovery

Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that Defendant may file. Plaintiff will seek from the Defendant (1) ESI regarding the calls and text messages at issue in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls or texts; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. The Plaintiff proposes the following discovery schedule:

| Completion of Fact Discovery | December 18, 2026 |
|---|---|

JOINT STATUS REPORT AND DISCOVERY PLAN– 4

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

| | | |
|---|---|---|
| 1 | **Expert Disclosures** | Proponent: January 25, 2027 |
| 2 | | Respondent: February 22, 2027 |
| 3 | | Completion of Expert Depositions: March 29, 2027 |
| 4 | | Motion to Exclude Experts: April 26, 2027 |
| 5 | | Oppositions to Motion to Exclude Experts: May 24, 2027 |
| 6 | **Class Certification** | Proponent: January 25, 2027 |
| 7 | | Respondent: February 22, 2027 |
| 8 | | Reply In Support: March 22, 2027 |
| 9 | **All Discovery Motions** | By March 29, 2027 |
| 10 | **Completion of all Discovery** | May 24, 2027 |
| 11 | **Dispositive Motions** | Proponent: June 16, 2027 |
| 12 | | Respondent: July 7, 2027 |
| 13 | | Reply In Support: July 21, 2027 |
| 14 | **Settlement Conference** | August 16, 2027 |
| 15 | **Trial** | To be determined by the Court. |

The Parties believe that bifurcating discovery will lead to unnecessary disputes over certain information sought in discovery qualifies as class or merits discovery.

**C. Electronically Stored Information**

The Parties anticipate conducting discovery of electronically stored information. The Parties will meet and confer regarding the protocol to be applied, including whether to adopt the Court's Model ESI Agreement.

JOINT STATUS REPORT AND DISCOVERY PLAN– 5

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

**D. Privilege Issues:**

The Parties anticipate no unusually complex privilege issues. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

**E. Limitations on Discovery**

The Parties intend to follow the provisions of the Federal Rules of Civil Procedure and the Local Rules for the Western District of Washington regarding limitations on discovery. Neither party, however, waives the right to limit or seek leave to exceed these limits if necessary as the case proceeds. Should discovery show the need to limit or exceed any discovery limits, the Parties will attempt to reach an agreement on the scope of the discovery before seeking leave of Court to limit or exceed any discovery limits.

**F. Proposed Discovery Orders**

The Parties anticipate submitting a stipulated protective order based on this Court's model order. The Parties also anticipate submitting a proposed ESI Order.

**5. LOCAL CIVIL RULE 26(f)(1) ITEMS:**

**A. Prompt Case Resolution:**

The Parties are evaluating whether the case can be resolved promptly. The Parties are open to using a private mediator to help resolve this matter and agree that early mediation, prior to substantial discovery, may be productive. The Parties plan to confer prior to filing dispositive motions, in order to agree on an efficient briefing schedule. The Parties propose that they file another joint status report within fourteen (14) days of the Court's decision on class certification to discuss modifications to the proposed schedule and/or to set a further schedule for any remaining

JOINT STATUS REPORT AND DISCOVERY PLAN– 6

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

necessary merits fact discovery, merits expert reports and/or any further discovery necessary prior to trial.

**B. Alternative Dispute Resolution:**

The Parties agree that private mediation is an appropriate method of ADR for this case. Defendant proposes that the parties engage a mediator within 90 days to explore early resolution.

**C. Related Cases:**

The Parties are unaware of any pending related cases.

**D. Discovery Management:**

The Parties agree to exchange discovery electronically, when possible, to minimize expense. The Parties agree to accept service of discovery via email service to all counsel of record and any legal staff requested by either party be included on service. The Parties agree that all discovery exchanged will be identified by a document control number (*i.e.,* a Bates number) by the producing party or parties.

**E. Anticipate Discovery Sought:**

The Plaintiff will seek from the Defendants, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendants; (3) ESI related to any purported consent to receive calls; (4) Defendants' policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendants and their responses thereto.

**F. Phasing Motions:**

The Parties do not anticipate the need to phase motions, but hereby reserve their right to request phasing of motions.

JOINT STATUS REPORT AND DISCOVERY PLAN– 7

**G. Preservation:**

The Parties do not anticipate any issues regarding the preservation of discoverable information.

**H. Privilege Issues:**

The Parties anticipate no unusually complex privilege issues. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

**I. Model Protocol for Discovery of ESI:**

The Parties will continue to meet and confer regarding the protocol to be applied, including whether to adopt the Court's Model ESI Agreement with potential modifications.

**J. Alternative to Model Protocol:**

See above, section 5(I).

**6. DISCOVERY COMPLETION DATE**

May 24, 2027.

**7. BIFURCATION**

The Parties agree that bifurcation of discovery is not necessary.

**8. SUGGESTIONS FOR SHORTENTING OR SIMPLIFYING CASE**

The Parties have no suggestion for shortening or simplifying this case at this time.

**9. TRIAL DATE**

The Parties respectfully request that the Court defer setting a trial date until after the Court's determination on Plaintiff's motion for class certification. The Parties expect to file cross motions for partial summary judgment or summary judgment, and Plaintiff will move for class certification, all of which require adequate time for briefing and adjudication. Plaintiff also

JOINT STATUS REPORT AND DISCOVERY PLAN– 8

anticipates requesting voluminous fact discovery. The Parties also anticipate engaging multiple expert witnesses, which require extensive expert discovery and likely motions to disqualify or exclude expert testimony.

**10. JURY TRIAL**

If necessary, the trial will be by jury.

**11. TRIAL LENGTH**

The Parties anticipate five to seven days for trial.

**12. NAME, ADDRESSES, AND NUMBERS OF TRIAL COUNSEL**

**For Plaintiff:**

Samuel J. Strauss, WSBA #46971
sam@straussborrelli.com
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

Anthony Paronich (*pro hac vice anticipated*)
**PARONICH LAW PC**
350 Lincoln St. Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com
Telephone: (617) 485-0018

**For Defendant:**

Andrew Ried-Munro, WSBA #63662
Erik Halverson, WSBA #48511
office@halversonlaw.com
erik@halversonlaw.com
HALVERSON LAW PLLC
455 Rainier Blvd. N, Suite 220
Issaquah, WA 98027
Telephone: (206) 489-2712
Facsimile: (206) 826-1788

JOINT STATUS REPORT AND DISCOVERY PLAN– 9

### 13. TRIAL DATE CONFLICTS

None at this time.

### 14. SERVICE

All Parties have been served.

### 15. REQUEST FOR SCHEDULING CONFERENCE

The Parties do not request a scheduling conference.

### 16. CORPORATE DISCLOSURE STATEMENTS

Defendant Jeff Searles is an individual and is not required to file a corporate disclosure statement under LCR 7.1. Defendants Excellent Auto Glass, LLC and Auto Glass Shop, LLC are in default and have not appeared.

* * *

Respectfully submitted this 3rd day of December, 2025.

| | |
|---|---|
| **STRAUSS BORRELLI PLLC** | **HALVERSON LAW, PLLC** |
| By */s/ Samuel J. Strauss* | By _____ |
| Samuel J. Strauss | [ ] Erik L. Halverson, WSBA #48511 |
| Strauss Borrelli PLLC | [X] Andrew Ried-Munro, WSBA #63662 |
| 980 N Michigan Ave Ste 1610 | **Attorneys for Defendant Jeff Searles** |
| Chicago, IL 60611-7502 | 455 Rainier Blvd N, Suite 220 |
| Telephone: (872) 263-1100 | Issaquah, WA 98027 |
| Facsimile: (872) 263-1109 | Phone: 206-489-2712 | Fax: 206-826-1788 |
| sam@straussborrelli.com | |
| | *Attorney for Defendant* |
| **PARONICH LAW P.C.** | |
| By: */s/ Anthony I. Paronich* | |
| 350 Lincoln Street, Suite #2400 | |
| Hingham, MA 02043 | |
| Telephone: (617) 485-0018 | |
| anthony@paronichlaw.com | |
| *Attorneys for Plaintiff* | |

JOINT STATUS REPORT AND DISCOVERY PLAN– 10

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com